UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

_____

| | |
|---|---|
| RAY KELLER | ) CASE NO. 1:07 CV 795 |
| | ) |
| Plaintiff, | ) MEMORANDUM AND ORDER |
| | ) GRANTING DEFENDANTS' MOTIONS |
| -vs- | ) TO DISMISS FOR LACK OF SUBJECT |
| | ) MATTER JURISDICTION AND |
| STEPHEN P. PALISIN, et al. | ) GRANTING DEFENDANT |
| | ) BERENFIELD CONTAINERS' MOTION |
| Defendants. | ) TO DISMISS THE PLAINTIFF'S FIRST |
| | ) AMENDED COMPLAINT. |

_____

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Plaintiff Ray Keller ("Mr. Keller") brings this dispute involving a patent licensing agreement pursuant to a claim of jurisdiction under 28 U.S.C. § 1331. (Doc. 1). Mr. Keller avers he had a written contract with Berwick Partners ("Berwick") to receive fifteen percent of any revenues earned by Berwick in the use of his patents. (Doc. 1, ¶ 7). Plaintiff further avers Berwick received compensation from Berenfield Containers Inc. ("Berenfield") for their use of Mr. Keller's patents. (Doc. 1, ¶ 8). Mr. Keller maintains Berwick failed to pay him the required royalty. (Doc. 1, ¶ 9). Mr. Keller seeks $100,000,000.00 in compensatory damages from Berwick, Berenfield, and Berwick officers Stephen P. Palisin ("Palisin") and Frank P. Nagorney ("Nagorney"). (Doc. 1).

Defendant Berenfield seeks dismissal of the action as lacking in federal subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). (Doc. 3). In response, Mr. Keller filed

a First Amended Complaint along with a two sentence Memorandum in Support of Plaintiff's Complaint.[1] (Docs. 4 & 5). Neither the Amended Complaint nor the Memorandum addresses the issue of federal subject-matter jurisdiction.

Defendant Berenfield replied to Mr. Keller's Memorandum in Support and, further, seeks to dismiss the plaintiff's First Amended Complaint. (Doc. 6). Defendant Frank P. Nagorney ("Nagorney") also seeks dismissal of the matter pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. (Doc. 7).

For the reasons discussed below, this Court will grant defendant Berenfield's Motion to Dismiss the First Amended Complaint & Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1). Further, this Court will grant defendant Nagorney's Motion to Dismiss Lawsuit. Finally, as the Court will find it lacks the proper subject matter jurisdiction pursuant to 28 U.S.C. § 1331 to consider this action, the matter will be dismissed in its entirety as against the remaining named defendants Stephen P. Palisin and Berwick Partners.

### I. Standard of Review

Lack of subject matter jurisdiction appears as an affirmative defense that a defendant may assert in a motion to dismiss. Fed. R. Civ. P. 12(b)(1); In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993) (emphasizing that to survive a motion to dismiss, a complaint must contain "either direct or indirect allegations respecting all material elements to sustain a recovery under some viable legal theory"). Where, as

---

[1] Mr. Keller's two sentence response to Berenfield's Motion to Dismiss is a study in brevity which fails to address the matter of federal jurisdiction. In its entirety, Mr. Keller's response notes that he "filed this lawsuit against Defendant Berenfield Containers Inc. because they knew or should have known that Plaintiff was the inventor of said Patent and was due payment for royalties for using said Patent. Defendant Berenfield Containers are still currently using Plaintiff's Patent." (Doc. 5).

here, defendants challenge subject-matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of proving jurisdiction. See Moir v. Greater Cleveland Reg'l Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990). Specifically, the plaintiff must show that the complaint "alleges a claim under federal law, and that the claim is 'substantial.'" Musson Theatrical, Inc. v. Federal Exp. Corp., 89 F.3d 1244, 1248. The plaintiff will survive the motion to dismiss by showing "any arguable basis in law" for the claims set forth in the complaint. Id.

### II. Law and Discussion

"[F]ederal Courts, being courts of limited jurisdiction, must examine their subject-matter jurisdiction throughout the pendency of every matter before them." Children's Healthcare is a Legal Duty, Inc. v. Deters, 92 F.3d 1412, 1419 (6th Cir. 1996). Jurisdiction arising under 28 U.S.C. § 1331, as is purported here, provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In determining whether an action "arises under" federal law, the Court is governed by the well-pleaded complaint rule, which requires a federal question be presented on the face of the complaint. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed.2d 318 (1987); Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908). Accordingly, a case arises under federal law, for purposes of section 1331, when it is apparent from the face of the plaintiff's complaint that the plaintiff's cause of action was created by federal law. Mottley, 211 U.S. at 152. In addition, if the plaintiff's claim is based on state law, the complaint may pass muster under section 1331 only if a substantial, disputed question of federal law is a necessary element of the state cause of action.

Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936); Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983).

Mr. Keller brings his suit pursuant to section 1331 alleging federal question jurisdiction. (Complaint, ¶ 4). Yet his complaint, on its face, fails to assert a federal question over which this Court has jurisdiction. Instead, Mr. Keller avers Berwick breached its contract with him when it allegedly failed to compensate him for fifteen percent of any revenues Berwick earned from either leasing or selling Mr. Keller's patents. (Complaint, ¶¶ 5-7). Mr Keller further alleges Berenfield received some of this revenue from Berwick. (Complaint, ¶ 8).

Further, Mr. Keller's First Amended Complaint, filed nearly eight months after his initial complaint, and in response to Berenfield's Motion to Dismiss, fails to cure the initial complaint's facial infirmities. Accordingly, Mr. Keller's First Amended Complaint is futile as to the question of jurisdiction.

Courts have long viewed an action such as this, to recover royalties from a patent licensing agreement, as a suit to enforce a contract. General Motors Corp. v. Rubsam Corp., 65 F.2d 217, 218 (6th Cir. 1933). In 1902 the United States Supreme Court recognized as well settled the rule that, "if the suit be brought to enforce or set aside a contract, though such contract be connected with a patent, it is not a suit under the patent laws" consequently erasing the Court's federal-question jurisdiction under section 1331. Excelsior Wooden Pipe Co. v. Pacific Bridge Co., 185 U. S. 282, 285 (1902). In light of the law and the pleadings, Mr. Keller has provided no ground upon which this Court may stand to authorize federal question jurisdiction over his complaint.

### III. Conclusion

Considering Mr. Keller's complaint in light of the well-pleaded complaint rule, the Court finds it lacks proper subject-matter jurisdiction over this matter and grants the motions by Berenfield and Nagorney to dismiss the plaintiff's action in its entirety against all named defendants.  Further, Berenfield's motion to dismiss Mr. Keller's First Amended Complaint is granted upon the basis of futility.

IT IS SO ORDERED.

     /s/Lesley Wells  
UNITED STATES DISTRICT JUDGE